**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:22-cv-01567-DDD-JPO

KARI KIRKPATRICK,

    Plaintiff,

v.

CENTURA HEALTH-LONGMONT UNITED HOSPITAL, d/b/a
LONGMONT UNITED HOSPITAL,

    Defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

    Plaintiff Kari Kirkpatrick was fired by Defendant Longmont United Hospital. Ms. Kirkpatrick filed this suit because she alleges that she was fired due to her involvement in bringing forward another employee's complaints of a gender-based pay disparity, and due to her opposition to equal pay violations. Ms. Kirkpatrick's brings her claim for relief under Title VII's prohibition on retaliation for protected activity. Doc. 1.

    The Hospital has moved for Summary Judgment on Ms. Kirkpatrick's claim, arguing that she did not engage in protected activity, and that even if she did, it had legitimate reasons, unrelated to that activity, to fire her. Doc. 27. Because Ms. Kirkpatrick has not put forward disputed or undisputed facts showing that she engaged in legally protected activity under Title VII, the Hospital's motion is granted.[1]

---

[1] Ms. Kirkpatrick has also filed a motion for summary judgment. Doc. 64. However, that motion deals only with specific affirmative defenses

- 1 -

## BACKGROUND[2]

Ms. Kirkpatrick was employed by the Hospital in a managerial position. In that position, Ms. Kirkpatrick was required to immediately report certain types of discrimination to Human Resources. At some point, Ms. Kirkpatrick became aware of possible complaints of discrimination against the Hospital.

The parties dispute *when* Ms. Kirkpatrick learned of these concerns. According to the Hospital, she did not report for months after learning that one employee, Ms. Smith, needed accommodations due to a pregnancy, and waited for two weeks to report threatened legal claims by another employee, Ms. Carson, related to pay discrepancies based on gender. For her part, Ms. Kirkpatrick argues that she did not know of any need for pregnancy-related accommodations, and that she did not learn of the threatened claim until much later and reported it immediately once it became known to her.

The parties agree that Ms. Kirkpatrick did report the possible legal complaints to her superiors. She told her superiors that Ms. Carson, who had recently left her positions as a Patient Transport Aide, was planning to file a complaint of sex-based wage discrimination. Ms. Kirkpatrick had told Ms. Carson that she must remain neutral to her claims. When Ms. Carson filed those claims a few weeks later, one of Ms. Kirkpatrick's superiors asked her about any prior performance issues with Ms. Carson when she was employed by the Hospital. Ms. Kirkpatrick answered that

---

raised in the Hospital's answer. It is therefore rendered moot by this order.

[2] These facts are drawn from the parties' statements of facts and are undisputed unless otherwise noted. Plaintiff has filed, and the Defendant has contested, a supplemental response containing additional facts gathered through further discovery. Because those additional facts create no new disputes material to the resolution of this order, the supplemented response is immaterial.

she did not know of any performance issues.

Ms. Smith also filed a wage-discrimination based claim against the Hospital. That claim listed Ms. Kirkpatrick as a witness. Once again, Ms. Kirkpatrick's superior asked her if Ms. Smith had any performance issues, and Ms. Kirkpatrick said she did not.

Although both Ms. Smith and Ms. Carson's discrimination claims proceeded against the hospital before the equal employment opportunity commission, Ms. Kirkpatrick did not testify and was not called as a witness.

Soon after, Ms. Kirkpatrick was fired. She was told that she failed to meet productivity and confidentiality standard and because she had failed to timely inform the Hospital of the potential discrimination claims. Ms. Kirkpatrick affirmed that she believed she was fired "not because of any action on [her] part, but because [Ms.] Carson and [Ms.] Smith used [her] name in their charges of discrimination." Doc. 27-6 at 17. Ms. Kirkpatrick then filed this suit against the hospital for retaliation against protected activity under Title VII.

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). A fact is material if it could affect the outcome of the suit under the governing law; a dispute of fact is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Id.* If a reasonable juror could not return a verdict for the nonmoving party, summary judgment is proper, and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the moving party bears the burden of

demonstrating no genuine issue of material fact exists. *Adamson*, 514 F.3d at 1145.

In deciding whether the moving party has carried its burden, a court does not weigh the evidence and instead must view it and draw all reasonable inferences from it in the light most favorable to the nonmoving party. *Adamson*, 514 F.3d at 1145. But neither unsupported conclusory allegations nor mere traces of evidence are sufficient to demonstrate a genuine dispute of material fact on summary judgment. *Maxey v. Rest. Concepts II, LLC*, 654 F. Supp. 2d 1284, 1291 (D. Colo. 2009). And if "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## ANALYSIS

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show: (1) she participated in protected activity; (2) she suffered an adverse employment action subsequent or contemporaneous with her protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action. *Berry v. Stevinson Chevrolet,* 74 F.3d 980, 985 (10th Cir. 1996).

The Hospital argues that Ms. Kirkpatrick did not engage in protected activity under Title VII, and in any case, was fired for legitimate purposes related to her performance. Ms. Kirkpatrick and the Hospital devote the majority of their arguments to the Hospital's purported bona fide reasons for Ms. Kirkpatrick's dismissal, and whether it was pretextual. But resolution of that issue is unnecessary here, where Ms. Kirkpatrick cannot establish the first element of her claim—protected activity under Title VII.

Under Title VII, employers may not discriminate against any

employee "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under" Title VII. 42 U.S.C. § 2000e-3(a). "Protected activities fall into two distinct categories: participation or opposition." *Vaughn v. Epworth Villa*, 537 F.3d 1147, 1121 (10th Cir. 2008) (quoting *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir.1998)). "The participation clause is designed to ensure that Title VII protections are not undermined by retaliation against employees who use the Title VII process to protect their rights." *Id.* (quoting *Brower v. Runyon,* 178 F.3d 1002, 1006 (8th Cir.1999)).

In her original complaint, she provided these grounds as a summary of her protected activity

> 51. Ms. Kirkpatrick engaged in protected activity when she stated to Ms. Carson that she would be neutral to Ms. Carson's claims of sex-based pay disparity.
> 52. Ms. Kirkpatrick engaged in protected activity when she reported Ms. Carson's claims of a sex-based pay disparity to Human Resources.
> 53. Ms. Kirkpatrick engaged in protected activity when she told the truth about Ms. Carson's and Ms. Smith's job performance to Ms. Reed.
> 54. As a result of the acts complained of above, Defendant has unlawfully retaliated against Ms. Kirkpatrick by terminating her after she reported Ms. Carson's claims.

Doc. 1 at 11. In her response to the motion for summary judgment, Ms. Kirkpatrick reaffirms that these are the bases of her retaliation claims adding that she "[w]as specifically named in Ms. Smith's Title VII Complaint." Doc. 31 at 19–20. The actions that Ms. Kirkpatrick took are therefore not disputed. Only the legal determination of whether those actions constituted protected activities under 42 U.S.C. § 2000e–3(a) remains at issue.

But none of these constitute "participation," under the law. All of Ms.

- 5 -

Kirkpatrick's actions amount to merely being a bystander or passive intermediary, without actually participating in any "investigation, proceeding, or hearing under Title VII." *Id.* Merely being named in a complaint by another employee, without actually testifying or participating in that employee's claim, cannot be protected activity. Reporting to a supervisor that a possible Title VII claim would, in the future, be filed by another employee is also not participation in an investigation, proceeding, or hearing. *See Littlejohn v. City of N.Y.*, 795 F.3d 297, 316 (2d Cir. 2015) ("[T]he participation clause only encompasses participation in formal EEOC proceedings; it 'does not include participation in an internal employer investigation unrelated to a formal EEOC charge.'" (quoting *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 48 (2d Cir. 2012))). Ms. Kirkpatrick did not assert opposition when she reported the possible claim, nor did she personally believe that the company was engaging in discrimination. So these actions were neither opposition nor participation. *Cf. Crawford v. Metropolitan Government of Nashville & Davidson County* 555 U.S. 271, 276 (2009).

When Ms. Kirkpatrick was questioned about Ms. Carson and Ms. Smith's work performances she was similarly not making "a charge, testify[ing], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). The parties have agreed that Ms. Kirkpatrick was not asked about Ms. Carson or Ms. Smith except for any history of performance issues. This is clearly not making a charge or testifying, and it is not the sort of assistance or participation that falls within the statute. As the Tenth Circuit has explained,

> Courts have held that the 'participation clause' protects an employee who: (1) defends himself against charges of discrimination, (2) involuntarily participates as a witness in a Title VII proceeding, and (3) 'actively participates' in assisting a co-worker to assert her Title VII rights.

- 6 -

*Kelley v. City of Albuquerque*, 542 F.3d 802, 813 (10th Cir. 2008). Ms. Kirkpatrick responded to inquiries from her employer, but did not "actively participate" in assisting Ms. Carson or Ms. Smith, even taking her own version of the facts as true.

The cases that Ms. Kirkpatrick cites interpreting the participation clause that found protected activity each dealt with active involvement related to the Title VII complaint at issue, such as: submitting unredacted medical records as evidence in an EEOC complaint (*Vaughn*, 537 F.3d 1147); representing a complainant in a Title VII mediation (Kelley, 542 F.3d at 813); and giving testimony as a witness (*Merritt v. Dillard Paper Co.*, 120 F.3d 1181 (11th Cir. 1997)). Ms. Kirkpatrick's bare responses regarding Ms. Smith and Ms. Carson's performance history, which was neither testimony in a proceeding nor related to the alleged discriminatory conduct of wage-disparity, is entirely different from the instances of active involvement that constitutes protected activity.

Granted, "[c]ourts that have interpreted the 'participation clause' have held that it offers much broader protection to Title VII employees than does the 'opposition clause.'" *Vaughn*, 537 F.3d at 1152 (quoting *Slagle v. County of Clarion*, 435 F.3d 262, 266 (3d Cir.2006)). But even a broad reading of "participation" cannot include intentional non-participation. Ms. Kirkpatrick's own sworn testimony that she was "terminated unfairly based on [her] name and or [her] title being used," but nothing more, reinforces the finding that she did not participate in any "protected conduct" that falls under Title VII.[3]

---

[3] Ms. Kirpatrick's non-involvement in any formal investigation, proceeding, or hearing also raises serious doubts about the sufficiency of the evidence to support other aspects of her burden.

- 7 -

## CONCLUSION

It is **ORDERED** that:

Defendant Longmont United Hospital's Motion for Summary Judgment, **Doc. 27**, is **GRANTED** and Plaintiff's claim is **DISMISSED**; and

Plaintiff's Motions for Partial Summary Judgment, **Doc. 64**, and to Supplement her Response to Summary Judgment, **Doc. 65**, are **DENIED as moot.**

Dated: February 20, 2023.           BY THE COURT:

_____
Daniel D. Domenico
United States District Judge